IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JESSICA M. GRIFFIN,

                          Plaintiff,                                ORDER

     v.

                                                        24-cv-138-wmc

IMPERIAL INDUSTRIES, INC.,

                          Defendant.

---

       Plaintiff Jessica Griffin, who is unrepresented, originally filed this employment discrimination action in the Circuit Court of Marathon County on February 23, 2024, but defendant Imperial Industries, Inc. removed it to federal district court under 28 U.S.C. § 1441(a) because plaintiff asserts claims under federal law, including Title VII of the Civil Rights Act of 1964, the Fair Labor Standards Act ("FLSA"), and the Equal Pay Act of 1963. (*See* dkt. #1-1.) Plaintiff has filed a motion to remand the case back to state court on the ground that all of the alleged unlawful employment practices took place in Wisconsin by Wisconsin residents, she has asserted claims under the Wisconsin Fair Employment Act, and the state court has concurrent jurisdiction over her federal claims. (Dkt. #3.) However, defendant has the right to remove this case to federal court under 28 U.S.C. § 1441(a), so long as the federal court has original jurisdiction over the action and embraces the location of the state court where it was originally filed. *Vernon Cnty. v. Mississippi Sports & Recreation, Inc.*, No. 22-CV-590-wmc, 2022 WL 17689789, at *1 (W.D. Wis. Dec. 15, 2022); *Municipal Credit Union v. CUMIS Insurance Society, Inc.*, No. 20-cv-438-wmc, 2021 WL 1040513 at *3 (W.D. Wis. 2021). Both of these requirements are met in this case.

*First*, plaintiff's complaint expressly states that it is based on three federal and one state statute, s*ee Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (complaint raises federal question "when the plaintiff's statement of [her] own cause of action shows that it is based upon federal law."), and federal district courts have original jurisdiction of civil actions arising under federal law, 28 U.S.C. § 1331.  The fact that the state court has concurrent jurisdiction over plaintiff's federal claims does not limit defendant's right to remove a case in which the federal court has original jurisdiction.  *Municipal Credit Union*, 2021 WL 1040513, at *3.  *Second*, this district embraces Marathon County, where plaintiff was employed and all of the alleged wrongful practices occurred.  See https://www.wiwd.uscourts.gov/jurisdiction.  While plaintiff argues that the convenience of the parties and witnesses supports continued jurisdiction in state court pursuant to 28 U.S.C. § 1404(a), that statute allows district courts to change venue to another *federal* district court and has nothing to do with a defendant's right to remove a case from state court.  Accordingly, plaintiff's motion to remand must be denied.

## ORDER

IT IS ORDERED that plaintiff Jessica Griffin's motion to remand this case to state court (dkt. #3) is DENIED.

Entered this 10th day of April, 2024.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge